THE SECURITY NATIONAL BANK OF TRENTON, PLAINTIFF-APPELLANT, v. JOHN BELL, DEFENDANT-APPELLEE.

Submitted May 7, 1940—Decided May 16, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-appellant, *Harvey T. Satterthwaite.*

For the defendant-appellee, *Mario H. Volpe.*

BODINE, J.    The plaintiff bank lent Cecil J. Edwards money on his note of hand.  It took by way of security title to a one-half ton Dodge truck.  The bill of sale conformed

with the requirements of *N. J. S. A.* 39 :10-1, and was duly filed with the Commissioner of Motor Vehicles. Thereafter without action by the bank the automobile was sold to the defendant at an execution sale on a judgment entered against Edwards after the transfer by Edwards of the truck to the bank. The bank brought replevin and judgment was erroneously entered in favor of the defendant.

Legal title to an automobile passes only in the manner directed by the statute. *Merchants' Securities Corp.* v. *Lane,* 106 *N. J. L.* 169; 106 *Id.* 576. In equity the transaction may have been intended to operate as a chattel mortgage. *Harding* v. *The First Mechanics Bank,* 113 *N. J. Eq.* 129. However, if so, the defendant can take nothing by reason of the failure to file in the county as a conditional sales agreement, because *N. J. S. A.* 46 :32-13 provides that filing of the conditional sales contract with respect to an automobile shall be sufficient if there has been, as here, a compliance with *N. J. S. A.* 39 :10 *et seq.*

The legislature wisely provided a convenient and expeditious manner for the transfer of title to automobiles. The original bill of sale filed with the commissioner may be transferred in compliance with the statute and the holder thereof by due transfer has good title as against subsequent judgment creditors of the transferee, the provisions of the Uniform Conditional Sales law having no place in the situation. *Automobile Banking Corp.* v. *Klein,* 16 *N. J. Mis. R.* 127, indicates in clear and concise language the way in which the matter should have been dealt with in the District Court. The judgment creditor's rights are subject to the amount due the bank on its note for which it held the title to the car in question.

The judgment is reversed, with costs to abide the event.